Michael Louis Kelly – California State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh – California State Bar No. 180361
bvp@kirtlandpackard.com
Joshua A. Fields – California State Bar No. 242938
jf@kirtlandpackard.com
**KIRTLAND & PACKARD LLP**
2041 Rosecrans Avenue, Third Floor
El Segundo, California 90245
Tel: (310) 536-1000; Fax: (310) 536-1001

Brett N. Huff - CO State Bar No. 32071
bhuff@huffandleslie.com
Huff & Leslie, LLP
2480 Gray Street
Edgewater, Colorado 80214
Telephone: (303) 232-3622
Facsimile: (303) 274-0638

*Counsel for Plaintiffs William Tsiouvaras and Ann Tsiouvaras and all others similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

| | |
|---|---|
| WILLIAM TSIOUVARAS and ANN TSIOUVARAS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio Corporation, and DOES 1-10, inclusive,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**1: Violation of Colorado Revised Statutes ("C.R.S.") § 10-3-1115, *et seq.* (unreasonable delay/denial of payment for benefits owed by insurer)**<br><br>**2: Violation of Colorado Deceptive Trade Practices Act, C.R.S. § 6-1-105, *et seq.***<br><br>**3: Bad Faith Breach of Insurance Contract**<br><br>**JURY TRIAL DEMANDED** |

1

**CLASS ACTION COMPLAINT**

Plaintiffs WILLIAM TSIOUVARAS ("MR. TSIOUVARAS") and ANN TSIOUVARAS ("MRS. TSIOUVARAS"), on behalf of themselves and all others similarly situated, allege the following:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).

2. This Court also has personal jurisdiction over Defendants because Defendants are authorized to do business, and currently do business, in this state.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant PROGRESSIVE DIRECT INSURANCE COMPANY ("PROGRESSIVE") has conducted business in this District and is subject to personal jurisdiction and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4. Plaintiff, MR. TSIOUVARAS, at all relevant times herein, was and is a citizen and resident of the State of Colorado. MR. TSIOUVARAS and MRS. TSIOUVARAS jointly obtained automobile insurance from PROGRESSIVE which covered the 2016 calendar year, for a FORD FIESTA SE HATCHBACK personal automobile they owned.

5. Plaintiff, MRS. TSIOUVARAS, at all relevant times herein, was and is a citizen and resident of the State of Colorado. MRS. TSIOUVARAS and MR. TSIOUVARAS jointly obtained automobile insurance from PROGRESSIVE which covered the 2016 calendar year, for a FORD FIESTA SE HATCHBACK personal automobile they owned.

6. Defendant PROGRESSIVE is an Ohio corporation, with its corporate headquarters located in the State of Ohio. PROGRESSIVE also conducts a substantial amount of business nationwide, including in Colorado.

7.  Plaintiffs are unaware of the true names and capacity of the defendants sued as DOES 1-10, and therefore sue these defendants by fictitious names. Plaintiffs will seek leave to amend this Complaint when and if the true identities of these DOE defendants are discovered. Plaintiffs are informed and believe and thereon allege that each of the defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiffs and the Class as herein alleged, and is thus liable for Plaintiffs' and the Class's injuries.

8.  At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining defendant.

## **PRELIMINARY ALLEGATIONS**

9.  This action arises out of PROGRESSIVE's practice of unlawfully failing to pay its insureds – specifically holders of PROGRESSIVE automobile insurance policies – certain statutory mandated fees in the event an automobile accident or other event results in a total loss determination by PROGRESSIVE for the insured's vehicle. The specific statutory fees PROGRESSIVE uniformly fails to pay as part of its normal business practices are mandated by Colorado Revised Statutes ("C.R.S.") § 10-4-639(1), and include, without limitation, title and registration fees associated with a motor vehicle's total loss.

10. MR. TSIOUVARAS and MRS. TSIOUVARAS obtained an automobile insurance policy from PROGRESSIVE covering the 2016 calendar year for the FORD FIESTA SE HATCHBACK automobile they owned during that time period. The policy provided for coverage in the event of total loss of the motor vehicle.

11. On or about May 8, 2016, Plaintiffs' FORD FIESTA SE HATCHBACK was in an accident. Subsequently, MR. TSIOUVARAS submitted a claim to PROGRESSIVE based on the insurance policy he had obtained from PROGRESSIVE for the FORD FIESTA SE HATCHBACK.

12. Ultimately, in a "Settlement Summary" document, PROGRESSIVE provided MR. TSIOUVARAS with the total amount it would agree to pay for the claim. PROGRESSIVE apparently determined during its investigation the FORD FIESTA SE HATCHBACK was a total loss as a result of the accident, and provided MR. TSIOUVARAS with an accounting of the insurance benefits it would pay him in light of the total loss. The "Settlement Summary" document related to the total loss of the FORD FIESTA SE HATCHBACK is attached hereto as Exhibit "1".

13. As stated in the "Settlement Summary" document, PROGRESSIVE did not agree to pay MR. TSIOUVARAS the total amount of title and registration fees associated with the total loss of the FORD FIESTA SE HATCHBACK. To date, PROGRESSIVE has not paid the policy holders, MR. TSIOUVARAS or MRS. TSIOUVARAS, the total amount of any such title and registration fees.

14. Upon information and belief, Plaintiffs allege PROGRESSIVE has denied insurance benefits it owed to similarly situated PROGRESSIVE automobile policy holders in violation of C.R.S. § 10-3-1115 (which requires that insurers not unreasonably delay or deny payment of a claim for benefits owed), by failing to pay them title and registration fees associated with the total loss of a motor vehicle, as mandated by C.R.S. § 10-4-639(1).

## CLASS ACTION ALLEGATIONS

15. Plaintiffs MR. TSIOUVARAS and MRS. TSIOUVARAS bring this action on behalf of themselves and all others similarly situated, as members of the proposed Colorado class (collectively hereafter the "Class") defined as follows:

4

**CLASS ACTION COMPLAINT**

> **Colorado Class**:  All persons who resided in Colorado and had obtained an automobile insurance policy with PROGRESSIVE providing for coverage in the event of a total loss of the vehicle, and whose insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by PROGRESSIVE the vehicle was a total loss upon a claim being made by the policy holder, and to whom PROGRESSIVE did not pay the total amount of title and registration fees as part of the claim made, within two years of the filing of the original complaint to the present. Specifically excluded from the proposed Class are Defendants, any entities in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries and/or assigns of Defendants, and any Judge who may be assigned to this matter.

16.   This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

17.   [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe the Class includes many thousands of members.

18.   [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to

the individual circumstances of any class member, include, but are not limited to, the following:

    A.    Whether Defendants provided automobile insurance coverage to Plaintiffs and the putative class, which covered total vehicle loss in the event of a motor vehicle accident or other event;

    B.    Whether Defendants failed to pay the total amount of title and registration fees to Plaintiffs and the putative class after making a determination an insured vehicle was a total loss as a result of a motor vehicle accident or other event;

    C.    Whether Defendants misrepresented and/or failed to disclose material facts about the automobile insurance policies at issue;

    D.    The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class members.

19. [Fed. R. Civ. P. 23(a)(3)] Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class have sustained injury and are facing harm arising out of Defendants' common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendants' wrongful conduct as alleged herein.

20. [Fed. R. Civ. P. 23(a)(4)] Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

21. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory

judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, whether a policy provided for insurance coverage in the event of the total loss of the vehicle.

23. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, substantially impair or impede the ability of such non-party Class members to protect their interests.

24. [Fed. R. Civ. P. 23(b)(2)] Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Violation of C.R.S. 10-3-1115, *et seq.*)

### (By Plaintiffs and Putative Class Against All Defendants)

25. Plaintiffs and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

26. Plaintiffs and the Class obtained automobile insurance policies from PROGRESSIVE which provided for insurance coverage in the event of the total loss of the vehicle.

27. Plaintiffs and the Class members submitted claims for automobile insurance coverage to PROGRESSIVE after the insured vehicle was involved in a motor vehicle

accident or other event which resulted in a determination by PROGRESSIVE the vehicle at issue was a total loss.

28. C.R.S. § 10-4-639(a) provides in relevant part that an insurer <u>shall</u> pay title fees and any other registration fees associated with the total loss of a motor vehicle.

29. C.R.S. § 10-3-1115(1)(a) provides in relevant part that a person engaged in the business of insurance <u>shall not</u> unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

30. Despite its own determination the insured vehicles of Plaintiffs and the Class Members were total losses, when claims were submitted by Plaintiffs and the Class Members after a motor vehicle accident or other event resulted in damage to their property, PROGRESSIVE failed to pay the total amount of title and registration fees required by C.R.S. § 10-4-639(a), and therefore violated the express language of that statute.

31. Additionally, PROGRESSIVE's failure to make such payments were a violation of C.R.S. § 10-3-1115(1)(a), as an unreasonable delay and/or denial of a claim for insurance benefits PROGRESSIVE owed Plaintiffs and the Class Members. PROGRESSIVE had no reasonable basis to deny making these payments.

32. Furthermore, PROGRESSIVE's violations of Colorado's insurance codes provide for a private right of action under C.R.S. § 10-3-1116(a), the recovery of attorney's fees and costs and two times the covered benefit.

33. Moreover, because Defendant acted wantonly, maliciously, oppressively, recklessly, and deliberately, for the purpose of enriching themselves at Plaintiffs' and Class members' detriment, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial

34. As a result of the foregoing, Plaintiffs and the Class members have been damaged in an amount to be proven at trial.

# CLAIMS FOR RELIEF

## SECOND CLAIM FOR RELIEF

### (Violation of C.R.S. § 6-1-105, *et seq*.)

### (By Plaintiffs and Putative Class Against All Defendants)

35. Plaintiffs and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

36. Colorado's Deceptive Trade Practices Act, C.R.S. § 6-1-105, *et seq.* ("DTPA"), provides an individual may maintain a private civil action against a company engaged in the sale of services for violations of the DTPA's provisions.

37. Plaintiffs allege PROGRESSIVE violated the DTPA by, *inter alia*, failing to disclose material information about the automobile insurance policies it provided to Plaintiffs and the Class Members under C.R.S. § 6-1-105(1)(u) , i.e. by failing to disclose PROGRESSIVE did not, as a uniform business practice, pay title and registration fees associated with a total vehicle loss.

38. As a result of PROGRESSIVE's deceptive business practices, Plaintiffs and the Class Members have suffered damage and lost money in that they paid for insurance services they otherwise would not have had the truth been disclosed, in an amount to be proven at trial. Plaintiffs seek an order enjoining PROGRESSIVE from continuing to engage in the deceptive practices alleged herein.

# CLAIMS FOR RELIEF

## THIRD CLAIM FOR RELIEF

### (Bad Faith Breach of Insurance Contract)

### (By Plaintiffs and Putative Class Against All Defendants)

39. Plaintiffs and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

40. PROGRESSIVE's failure to pay the total amount of title and registration fees associated with a total loss to its automobile insurance customers in Colorado, as

mandated by C.R.S. § 10-4-639(a), was not reasonable conduct for an established automobile insurer such as PROGRESSIVE.

41. As an established automobile insurer offering policies in Colorado, PROGRESSIVE knew of or recklessly disregarded the fact that its failure to pay the total amount of title and registration fees associated with the total loss of an insured motor vehicle in Colorado, based on C.R.S. § 10-4-639(a)'s mandate, was unreasonable.

42. As an established automobile insurer offering policies in Colorado, PROGRESSIVE also knew of or recklessly disregarded the fact that its delay and/or denial of payments owed to Plaintiffs and Class members, in violation of C.R.S. § 10-3-1115(1)(a), was unreasonable.

43. Moreover, because Defendant acted wantonly, maliciously, oppressively, recklessly, and deliberately, for the purpose of enriching themselves at Plaintiffs' and Class members' detriment, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial

44. As a result of the foregoing, Plaintiffs and the Class members have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other persons similarly situated, pray for judgment against PROGRESSIVE as follows:

1. An Order certifying the Class and any sub-classes thereof that the Court may deem appropriate, and appointing Plaintiffs WILLIAM TSIOUVARAS and ANN TSIOUVARAS, and their counsel, to represent the Class;

2. An award of general damages according to proof;

3. Injunctive relief;

4. Attorneys' fees;

5. Two times the covered benefit under C.R.S. § 10-3-1116(a);

6. Triple damages under C.R.S. § 6-1-105, *et seq.*;

7. Statutory damages;

8. Exemplary and punitive damages;

9. Costs of suit; and

10. Any other relief the Court deems proper.

DATED: September 20, 2017                    Respectfully submitted,

                                                                            KIRTLAND & PACKARD LLP
Michael Louis Kelly
Behram V. Parekh
Joshua A. Fields

Huff & Leslie, LLP
Brett N. Huff

By:  /s/ Joshua A. Fields
      JOSHUA A. FIELDS

*Counsel for Plaintiffs William Tsiouvaras and Ann Tsiouvaras and all others similarly situated*

11

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury by jury as to all claims so triable.

DATED:  September 20, 2017

Respectfully submitted,

KIRTLAND & PACKARD LLP
Michael Louis Kelly
Behram V. Parekh
Joshua A. Fields

Huff & Leslie, LLP
Brett N. Huff

By:  /s/ Joshua A. Fields
        JOSHUA A. FIELDS

*Counsel for Plaintiffs William Tsiouvaras and Ann Tsiouvaras and all others similarly situated*

**CLASS ACTION COMPLAINT**